986 F.2d 1421
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Robert CRANBERRY, Plaintiff-Appellant,
v.
Barbara BOYD; Lucy Christopher; Gerald E. Fuerst; Vincent
Polito, Probation Officer, Defendants-Appellees.
 No. 92-3918.
 United States Court of Appeals, Sixth Circuit.
 Feb. 3, 1993.
 
 1
 Before BOGGS and SILER, Circuit Judges, and JOINER, District Judge.*
 
 ORDER
 
 2
 Robert Cranberry, a pro se Ohio citizen, appeals a district court order dismissing his civil rights complaint filed under the Federal Rehabilitation Act of 1973, the Civil Rights Act of 1870 (42 U.S.C. § 1981), the Civil Rights Act of 1871 (42 U.S.C. § 1983), and the Civil Rights Act of 1964 (Title VII, 42 U.S.C. § 2000e et seq.). This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App. 34(a).
 
 
 3
 On September 20, 1991, Cranberry filed his complaint in the District Court for the Northern District of Ohio against the coordinator for the Cuyahoga County Juvenile Court volunteer service, the chief of operations in the community service department, the Cuyahoga County Clerk of Courts, and the head of the Cuyahoga County Adult Probation Department. Cranberry alleged that the defendants' refusal to place a qualified person or student seeking an internship because of a previous felony conviction constituted a blatant, willful, and deliberate violation of the Fourteenth Amendment and of his rights under the Federal Rehabilitation Act. He also asserted violations of various civil rights acts. He further asserted that his § 1983 claim was based on an equal protection violation, i.e., that the rule prohibiting persons having prior felony convictions from serving internships with juvenile court violated the Equal Protection Clause. Cranberry sought an order assuring that he would "receive placement not only with the Juvenile Court of Cuyahoga County, of the State of Ohio, but all other departments in the Cuyahoga County Court system." In plaintiff's memorandum in response to the district court's show cause order, plaintiff concurred with the district court's findings regarding his Fourteenth Amendment, Federal Rehabilitation Act, and civil rights acts claims. This left only plaintiff's claim under 42 U.S.C. § 1983 that he was denied equal protection of the laws.
 
 
 4
 In an order filed August 5, 1992, the district court held that since there was no fundamental right or suspect classification involved, the rule need only be rationally related to a legitimate governmental interest to survive. The court went on to hold that the rule in question was rationally related to numerous governmental interest and dismissed Cranberry's complaint for failure to state a claim upon which relief could be granted. Plaintiff appeals only from the dismissal of his 42 U.S.C. § 1983 claim that he was denied equal protection of the laws.
 
 
 5
 Upon review, we conclude that the district court correctly dismissed Cranberry's complaint because Cranberry undoubtedly can prove no set of facts in support of his claims that would entitle him to relief. Meador v. Cabinet for Human Resources, 902 F2d 474, 475 (6th Cir.), cert. denied, 111 S.Ct. 182 (1990).
 
 
 6
 The Equal Protection Clause provides that "[n]o state shall ... deny to any person within its jurisdiction the equal protection of the laws." It is in essence "a direction that all persons similarly situated should be treated alike." Cleburne v. Cleburne Living Center, Inc., 473 U.S. 432, 439 (1985). The constitutional validity of the classification must be measured by the rational basis test. See Massachusetts Bd. of Retirement v. Murgia, 427 U.S. 307 (1976). There is a rational basis for a governmental classification if the distinctions made by the classification "have some relevance to the purpose for which the classification is made." Marshall v. United States, 414 U.S. 417, 422 (1974).
 
 
 7
 The case law clearly indicates that at least some purpose will entitle a state or its subdivision to separately classify those convicted of a felony. See, e.g., De Veau v. Braisted, 363 U.S. 144 (1960) (rational basis for statute barring felons from holding office in waterfront unions); Baer v. City of Wauwatosa, 716 F.2d 1117 (7th Cir.1983) (rational basis for denying private detective and security licenses to felons; contrary argument "patently without merit" because it "is not unreasonable to suppose that the public trust might be undermined by assigning such tasks to ex-offenders"); United States v. Craven, 478 F.2d 1329 (6th Cir.) (rational basis for statute prohibiting a felon from receiving firearms in interstate commerce), cert. denied, 414 U.S. 866 (1973).
 
 
 8
 These cases all involve activities in which the state has a particularly strong interest or need to protect the public from those with criminal propensities. The rule prohibiting persons having prior felony convictions from serving internships with the juvenile court would seem to involve the same concerns. Thus, the defendants have a rational basis for prohibiting ex-felony offenders from serving internships with the juvenile court, and this practice does not violate the Equal Protection Clause.
 
 
 9
 For the foregoing reasons, the district court's order is affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Charles W. Joiner, U.S. District Judge for the Eastern District of Michigan, sitting by designation